UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON STUART SMEGELSKI,

    Plaintiff,

v.                                                    Case No. 3:20cv6031-TKW-HTC

BOB JOHNSON,
CHAD FLOYD,
SCOTT DUNCAN,
ROSS GOODMAN,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Jason Smegelski, proceeding *pro se* and *in forma pauperis*, filed an amended complaint attempting to assert claims under 42 U.S.C. § 1983 for constitutional violations which allegedly occurred in the lead up to his arrest in a still-pending state criminal case. The amended complaint has been referred to the undersigned Magistrate Judge for initial screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful review and consideration of the amended complaint, the undersigned respectfully recommends it be dismissed. Specifically, the Court should abstain from jurisdiction under the *Younger* doctrine to avoid

interfering with a pending state matter. Additionally, two of the defendants Plaintiff has named are circuit court judges, who are absolutely immune from liability.

## I.  BACKGROUND

Smegelski, a pretrial detainee, currently incarcerated at the Santa Rosa County Jail, files this action against three (3) defendants:  Bob Johnson, the Santa Rosa County Sheriff; Chad Floyd, a Santa Rosa Sheriff's Office Narcotics Detective; and Ross Goodman and Scott Duncan, circuit court judges in Smegelski's state criminal case.  The following are taken from Plaintiff's complaint and accepted as true for the purposes of this report and recommendation.

On June 2, 2020, Smegelski was an invitee at a friend's home when Defendant Floyd and other law enforcement officers approached the house without a warrant, to conduct a "knock and talk."  ECF Doc. 1 at 5.  The friend consented to a search of the premises, during which Smegelski was detained and searched.  Police found a controlled substance on Smegelski, but he was not arrested at that time.

A month later, Judge Goodman signed a warrant for Smegelski's arrest on the controlled substance offence, in Santa Rosa circuit court case number 2020-CF-993[1], and Judge Duncan revoked his bond in another case.  *Id.*  Smegelski has been detained without bond since then.  His only allegation against Sheriff Bob Johnson

---

[1] Although Plaintiff does not identify this case by number in the complaint, as discussed herein, the Court takes judicial notice that the arrest at issue is implicated in case *State of Florida v. Jason Stuart Smegelski,* 2020-CF-993, First Judicial Circuit, in and for Santa Rosa County, Florida.

Case No. 3:20cv6031-TKW-HTC

is that he "is the Sheriff and has reign over all deputies." Smegelski claims the search of him at his friend's home violated the Fourth Amendment and the arrest and bond revocation were without probable cause. He seeks only monetary damages of $35,000 for "missed work" and "time I missed from family."

## II. LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis* and is a prisoner seeking relief against governmental employees, the Court must dismiss his amended complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

## III. DISCUSSION

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an

adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

The first element is met because Smegelski's search and arrest concern a pending state criminal case. The Court has attached a printout of the docket of Plaintiff's state court case, 2020-CF-993, which shows that the criminal case is still pending.[2] The second element is met because Smegelski alleges his constitutional

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records. Additionally, the Court has attached as an exhibit to this Report and Recommendation the state court materials which the undersigned considered in recommending this dismissal, namely the docket, motion to suppress, and minutes indicating the motion was continued. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

rights were violated by law enforcement during the search and by judges in his arrest and bond revocation. The third element is met because Smegelski can dispute the validity of the arrest, revocation and search in the pending state criminal proceedings.

"An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels*, 578 F. App'x at 811. "[I]nterference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff'—here, [Smegelski]." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)).

Smegelski has not met that burden. He has not asserted that there is a procedural bar to raising his claim in his state court case. To the contrary, the alleged constitutional violations claimed by Smegelski involve issues he can raise before his trial, during his trial, and on direct appeal. That is, what occurred during the search, whether any rights were violated, and thus, whether the evidence found is ultimately admissible, are matters that will be before the state court. Indeed, October 19, 2020, Smegelski filed a motion to suppress the evidence found during the search, which is

pending before the state circuit court. *See* attached Motion to Suppress Evidence. Thus, if this Court were to adjudicate Smegelski's claim, it would be interfering with an active state court proceeding. *See*, *e.g.*, *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814 (11th Cir. 2008). Thus, under *Younger,* this Court should abstain from exercising jurisdiction.

Also, while *Younger* involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that *Younger* abstention extends to cases involving § 1983 claims for monetary damages. *See Doby v. Strength*, 758 F.2d 1405, 1405–06 (11th Cir.1985) (requiring abstention pursuant to *Younger* where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings). Thus, *Younger* applies to Smegelski's monetary damages claims.

Federal courts should only stray from the rule announced in *Younger* "when absolutely necessary for protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *See Younger*, 401 U.S. at 45. The type of irreparable injury "significant enough to permit federal court interference must pose a 'threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution.'" *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019), citing *Younger*, 401 U.S. at 46. The undersigned finds Smegelski has failed to present any

such extraordinary circumstances here. To the contrary, Smegelski's available state remedies show that he will not suffer irreparable harm by this Court's abstention.

Finally, because the undersigned is recommending this case be dismissed based on *Younger*, the undersigned finds it unnecessary to address in detail the other issues with the substance of Smegelski's amended complaint. The undersigned notes, however, that even if the Court were to exercise jurisdiction over Smegelski's action, his claims against Judges Goodman and Duncan would nonetheless be subject to dismissal as the judges are absolutely immune from liability. *See Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (judges are absolutely immune from liability for actions taken in their judicial capacity); *Stump . Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability *only* when he has acted in the clear absence of all jurisdiction."). As stated above, his claim against Judge Goodman is that he issued an arrest warrant without probable cause and his claim against Judge Duncan is that he revoked Plaintiff's bond without probable cause. Both conduct clearly fall under the defendants' judicial functions.

Similarly, his claim against Sheriff Johnson also fails. Sheriff Johnson cannot be vicariously liable for the conduct of his employees. Instead, supervisors can be held "liable under . . . § 1983 for the unconstitutional acts of [their] subordinates

[only] if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions... and the alleged constitutional deprivation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation marks omitted). Smegelski, however, has set forth no facts showing Johnson personally participated in a constitutional violation or there is a casual connection between Johnson's conduct and the alleged constitutional deprivation. Namely, he has not set forth any facts to show 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*

Also, even if Smegelski were able to establish a constitutional violation, his monetary recovery would be limited to nominal damages, generally $1.00, as he has not alleged a physical injury. *See* 42 U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

## IV.  CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is ORDERED:

1.  The clerk is directed to docket as exhibits to this Report and Recommendation the state court docket, motion to suppress and state court minutes referenced above.

Case No. 3:20cv6031-TKW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim and seeking relief against defendants who are immune from liability.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of January, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.